UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

-----------------------------------------------------------------------x

Charlene Williams,

                Plaintiff,                              C.A. No.:

      -against-                              DEMAND FOR JURY TRIAL

Experian Information Solutions, Inc.,
Affirm, Inc.,

                Defendant(s).

-----------------------------------------------------------------------x

## COMPLAINT

Plaintiff Charlene Williams, also known as Tanicha Charlene Williams ("Plaintiff"), by and through her attorneys, and as for her Complaint against Defendant Experian Information Solutions, Inc. ("Experian") and Defendant Affirm, Inc. ("Affirm, Inc.") respectfully sets forth, complains, and alleges, upon information and belief, the following:

### JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1367, as well as 15 U.S.C. § 1681p *et seq*.

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), being that the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here.

3. Plaintiff brings this action for damages arising from the Defendants' violations of 15 U.S.C. § 1681 *et seq.*, commonly known as the Fair Credit Reporting Act ("FCRA").

## PARTIES

4. Plaintiff is a resident of the State of Georgia, County of Fulton.

5. At all times material hereto, Plaintiff was a "consumer" as said term is defined under 15 U.S.C. § 1681a(c).

6. Experian is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f) and conducts substantial and regular business activities in this judicial district. Experian is an Ohio corporation registered to do business in the State of Georgia, and may be served with process upon C T Corporation System, its registered agent for service of process at 289 S Culver St. Lawrenceville, GA 30046.

7. At all times material hereto, Experian is a consumer reporting agency regularly engaged in the business of assembling, evaluating and disbursing

information concerning consumers for the purpose of furnishing consumer reports, as said term is defined under 15 U.S.C. § 1681(d) to third parties.

8. At all times material hereto, Experian disbursed such consumer reports to third parties under a contract for monetary compensation.

9. Affirm, Inc. is a person who furnishes information to consumer reporting agencies under 15 U.S.C. § 1681s-2, with an address for service of process at C T Corporation System, 1201 Peachtree St Ne, Atlanta, GA 30361.

## FACTUAL ALLEGATIONS

10. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

11. Plaintiff originally booked a Delta Airlines flight to Egypt with her husband with an anticipated departure from Atlanta Georgia of January 7, 2022 and anticipated return to Atlanta Georgia of January 14, 2022.

12. Plaintiff booked her flight using cheapflightsfares.com and received a confirmation email on September 11, 2021 with confirmation number 901827.

13. Along with her tickets, Plaintiff purchased a protection plan (insurance) from Trip Mate, Inc. for her flight to Egypt on September 14, 2021.

14. Plaintiff paid costs for the flight, including:

| | |
|---|---|
| Flight Price | $1,194.70 |
| Traveler's All-in-One Pack 2 Platinum Support | $74.98 |
| Travel Protection Fees | $107.52 |
| Total Amount (Incl. All Fee & Taxes) | $1,377.20 |

15. Plaintiff financed the cost of her trip through Affirm, Inc.

16. The financing included six (6) payments, including five (5) payments of $250.03 and one (1) payment of $250.02 for a total amount of $1,500.17.

17. Payments were due starting on October 11, 2021.

18. The contract stated, in relevant part, "Late charge: If a payment is late, you will not be charged a separate fee or penalty."

19. Plaintiff cancelled her flight due to sickness on December 27, 2021 after testing positive for Covid-19.

20. Plaintiff filed a claim for $1,377.20 - the full amount she had paid for the flights to Egypt.

21. With her claim, Plaintiff listed the contact information for her physician from whom treatment was received.

22. Plaintiff authorized a release of her medical records to facilitate a return of her payment.

23. Plaintiff attached a statement from her attending physician, who verified that Plaintiff was seen for medical treatment on the relevant dates due to Covid.

24. Plaintiff also attached a Lux Diagnostics Lab result, verifying that Plaintiff was diagnosed "Positive" with Sars-COV-2 on December 17, 2021.

25. Plaintiff contacted Cheap Flights Fares and advised them that she would be going through the refund process.

26. Cheap Flights Fares granted Plaintiff's refund request.

27. Plaintiff also contacted Affirm, Inc. to advise them that she would be getting a refund for the flights.

28. A representative from Affirm, Inc. stated they would need confirmation from both Delta and Cheap Flights Fares.

29. On January 19, 2022, Plaintiff received an email from Delta stating that her refund was processed on January 14, 2022.

30. On January 26, 2022, Plaintiff contacted Affirm Inc. to confirm they had received the refund.

31. A representative from Affirm, Inc. stated they are still waiting for confirmation from Cheap Flights Fares.

32. On April 11, 2022, Cheap Flights Fares sent Plaintiff an email stating they are going to refund $1,194.70.

33. On April 15, 2022, Cheap Flights Fares sent Plaintiff an email stating the issue will be resolved in a few days.

34. On April 21, 2022, Plaintiff received an email from Affirm Inc. stating the refund was processed.

35. Plaintiff was refunded $1,194.70 on April 21, 2022.

36. Due to the delay in communications between cheapflights.com and Affirm, Inc. Plaintiff was marked late on her credit reports.

37. Defendants reported an inaccurate balance owed on Plaintiff's credit reports.

<u>Affirm, Inc. Dispute and Violation</u>

38. Upon information and belief, on a date better known to Experian, Experian prepared and issued credit reports concerning the Plaintiff that included inaccurate and misleading information relating to her Affirm, Inc. account (date opened: September 14, 2021, Account Balance of $750, Account Number PU9C***) ("Account").

39. The inaccurate information furnished by Affirm, Inc. and published by Experian is inaccurate since the Account is listed with an outstanding balance when in fact Plaintiff does not owe any balance to Affirm, Inc.

40. Plaintiff's Experian report lists the Account with a status of "Open. $500 past due as of Apr 2022." This is inaccurate.

41. Plaintiff's Experian report lists the Account with a balance of $750. This is inaccurate.

42. Plaintiff Experian's report lists the Account as 30 days late in March 2022 and 60 days late in April 2022. This is inaccurate.

43. Since Affirm Inc. received payment in April 2022 in full satisfaction of any outstanding debt, it is inaccurate to report Plaintiff as late in April 2022.

44. It is materially misleading to report Plaintiff as personally late on an Account when Affirm, Inc. already received confirmation that it would receive full payment from Plaintiff's flight insurance proceeds.

45. Plaintiff disputed the Account with Experian on April 28, 2022.

46. Included in her dispute was an explanation of the chronology of events that had transpired, a copy of her driver's license for verification of her identity, a bank statement for address verification, proof from Delta that a refund was issued for the Account, and proof from Affirm, Inc. that the refund was processed on April 21, 2022.

47. To date, Plaintiff has not received a formal response from Experian.

48. Had Experian reviewed Plaintiff's dispute package they would have realized the credit reporting mistake and would have corrected or removed the inaccurate information from Plaintiff's credit report.

49. Upon information and belief, Experian sent Plaintiff's dispute package to Affirm, Inc. for verification.

50. Upon further information and belief, Affirm, Inc. erroneously verified that the data furnishings were accurately reporting on Plaintiff's Experian credit report.

51. Had Affirm, Inc. conducted a reasonable investigation, they would have realized that they received payment in full and any late payments were not attributable to Plaintiff's actions or omissions.

52. Plaintiff dealt with great frustration over the course of many months trying to resolve her credit dispute on her own.

53. Defendants' reporting significantly lowers Plaintiff's credit score.

54. As there are hard and soft inquiries on Plaintiff's credit report, it is clear that potential creditors were notified of Plaintiff's erroneous delinquency.

55. This erroneous credit reporting has caused Plaintiff to be denied credit and offered new credit lines at less desirable rates.

56. Defendants continue to erroneously cast a negative light on Plaintiff's creditworthiness.

57. Despite Plaintiff's dispute and the fact that Plaintiff has no outstanding obligation to Affirm, Inc., Experian continues to report Plaintiff's Account with an outstanding balance and with late payment notations in March and April.

58. Experian has been reporting this inaccurate information through the issuance of false and inaccurate credit information and consumer reports that it has disseminated to various persons and credit grantors.

59. Despite Plaintiff's dispute that the information on her consumer report was inaccurate with respect to the disputed Account, Experian did not timely evaluate or consider any of the information, claims, or evidence of the Plaintiff and did not timely make an attempt to substantially or reasonably verify that the derogatory information concerning the disputed Account was inaccurate.

60. Experian violated 15 U.S. Code § 1681i (a)(1)(A) by failing to conduct a reasonable investigation since they failed to delete or correct the disputed trade line within 30 days of receiving Plaintiff's dispute letter.

61. Had Experian done a reasonable investigation of the Plaintiff's dispute, it would have been revealed to Experian that the Account was improperly reporting with an outstanding balance and with inaccurate late payment notations.

62. Notwithstanding Plaintiff's efforts, Defendants continued to publish and disseminate such inaccurate information to other third parties, persons, entities and credit grantors, as evidenced by the inquiries on the Plaintiff's credit report in the form of hard and soft pulls.

63. As a result of Defendants' failure to comply with the FCRA, Plaintiff suffered concrete harm in the form of loss of credit, loss of ability to purchase and benefit from credit, a chilling effect on applications for future credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

64. On October 3, 2022, Plaintiff was denied a new line of credit from Capital One Bank.

65. The first reason for their decision was "too many delinquent past or present credit obligations."

## FIRST CAUSE OF ACTION
### (Willful Violation of the FCRA as to Experian)

66. Plaintiff incorporates by reference the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

67. This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 et seq.

68. Experian violated 15 U.S.C. § 1681(e) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that Experian maintained concerning the Plaintiff.

69. Experian has willfully and recklessly failed to comply with the Act. The failure of Experian to comply with the Act includes but is not necessarily limited to the following:

   a) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

   b) The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by the Plaintiff;

   c) The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

   d) The failure to promptly and adequately investigate information which Experian had notice was inaccurate;

   e) The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

   f) The failure to continuously note in the credit report that the Plaintiff disputed the accuracy of the information;

   g) The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Experian to delete;

h) The failure to take adequate steps to verify information Experian had reason to believe was inaccurate before including it in the credit report of the consumer.

70. As a result of the conduct, action and inaction of Experian, the Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, a chilling effect on future applications for credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

71. The conduct, action and inaction of Experian was willful rendering Experian liable for actual, statutory and punitive damages in an amount to be determined by a Judge and/or Jury pursuant to 15 U.S.C. § 1681(n).

72. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681 (n).

WHEREFORE, Plaintiff, Charlene Williams, an individual, demands judgement in her favor against Experian for damages together with attorney's fees and Court costs pursuant to 15 U.S.C. § 1681n.

## SECOND CAUSE OF ACTION
**(Negligent Violation of the FCRA as to Experian)**

73. Plaintiff incorporates by reference the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

74. This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 et seq.

75. Experian violated 15 U.S.C. § 1681i(a) by failing to delete inaccurate information from the credit file of the Plaintiff after receiving actual notice of such inaccuracies and conducting reinvestigation and by failing to maintain reasonable procedures with which to verify the disputed information in the credit file of the Plaintiff.

76. Experian has negligently failed to comply with the Act. The failure of Experian to comply with the Act includes but is not necessarily limited to the following:

   a) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

   b) The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by the Plaintiff;

   c) The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

    d) The failure to promptly and adequately investigate information which Experian had notice was inaccurate;

    e) The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

    f) The failure to continuously note in the credit report that the Plaintiff disputed the accuracy of the information;

    g) The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Experian to delete;

    h) The failure to take adequate steps to verify information Experian had reason to believe was inaccurate before including it in the credit report of the consumer.

77. As a result of the conduct, action and inaction of Experian, the Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, a chilling effect on future applications for credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

78. The conduct, action and inaction of Experian was negligent, entitling the Plaintiff to damages under 15 U.S.C. § 1681o.

79. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and 1681o.

WHEREFORE, Plaintiff, Charlene Williams, an individual, demands judgement in her favor against Experian for damages together with attorney's fees and Court costs pursuant to 15 U.S.C. § 1681o.

## THIRD CAUSE OF ACTION
### (Willful Violation of the FCRA as to Affirm, Inc.)

80. Plaintiff incorporates by reference the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

81. This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.

82. Pursuant to the Act, all persons who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

83. Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff. The furnisher must then conduct a timely

investigation of the disputed information and review all relevant information provided by the agency.

84. The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a furnisher such as the Defendant must be reported to other agencies which were supplied such information.

85. Affirm, Inc. violated 15 U.S.C. § 1681s-2 by failing to fully and properly investigate the dispute of the Plaintiff; by failing to review all relevant information regarding same by failing to correctly report results of an accurate investigation to the credit reporting agencies.

86. As a result of the conduct, action and inaction of Affirm, Inc., Plaintiff suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit, a chilling effect on future applications for credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

87. The conduct, action and inaction of Affirm, Inc. was willful, rendering Affirm, Inc. liable for actual, statutory and punitive damages in an amount to be determined by a jury pursuant to 15 U.S.C. § 1681n.

88. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Affirm, Inc. in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, Charlene Williams, an individual demands judgement in her favor against Affirm, Inc. in for damages together with attorney's fees and Court costs pursuant to 15 U.S.C. § 1681n.

## FOURTH CAUSE OF ACTION

### (Negligent Violation of the FCRA as to Affirm, Inc.)

89. Plaintiff incorporates by reference the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

90. This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.

91. Pursuant to the Act, all person who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information in a consumer credit report.

92. Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff. The furnisher must then conduct a timely

investigation of the disputed information and review all relevant information provided by the agency.

93. The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a furnisher such as the Defendant must be reported to other agencies which were supplied such information.

94. Affirm, Inc. is liable to the Plaintiff for failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s-2.

95. After receiving the Dispute Notice from Experian, Affirm, Inc. negligently failed to conduct its reinvestigation in good faith.

96. A reasonable investigation would require a furnisher such as Affirm, Inc. to consider and evaluate a specific dispute by the consumer, along with all other facts, evidence and materials provided by the agency to the furnisher.

97. The conduct, action and inaction of Affirm, Inc. was negligent, entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

98. As a result of the conduct, action and inaction of Affirm, Inc., Plaintiff suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit, a chilling effect on future applications for credit, and the

mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

99. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Affirm, Inc. in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and 1681o.

WHEREFORE, Plaintiff, Charlene Williams, an individual, demands judgement in her favor against Affirm, Inc. for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681o.

## DEMAND FOR TRIAL BY JURY

100. Plaintiff demands and hereby respectfully requests a trial by jury for all claims and issues this Complaint to which Plaintiff is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment from each Defendant as follows:

a) For actual damages provided and pursuant to 15 U.S.C. § 1681o(a) be awarded for each negligent violation as alleged herein;

b) For actual damages provided and pursuant to 15 U.S.C. § 1640(a)(1);

c) For Statutory damages provided and pursuant to 15 U.S.C. § 1681n(a);

d) For Statutory damages provided and pursuant to 15 U.S.C. § 1640(a)(2);

e) For Punitive damages provided and pursuant to 15 U.S.C. § 1681n(a)(2);

f) For attorney fees and costs provided and pursuant to 15 U.S.C. § 1681n(a)(3), 15 U.S.C. § 1681o(a)(2) and 15 U.S.C. § 1640(a)(3);

g) For any such other and further relief, as well as further costs, expenses and disbursements of this action as this Court may deem just and proper.

Dated:  December 12, 2022

                Respectfully Submitted,

                s/ *Misty Oaks Paxton*
                By:  Misty Oaks Paxton, Esq.
                3895 Brookgreen Pt.
                Decatur, GA, 30034
                Phone: (404) 725-5697
                Fax: (775) 320-3698
                attyoaks@yahoo.com
                *Attorney for Plaintiff*

                */s/ Tamir Saland*
                Tamir Saland, Esq.
                STEIN SAKS, PLLC
                One University Plaza, Ste. 620
                Hackensack, NJ 07601
                (201) 282-6500 ext. 122
                (201) 282-6501  Fax
                tsaland@steinsakslegal.com
                *Pro Hac Vice Pending*